# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
JUL 18 2005
CLERK US DIST COURT
ST. PAUL, MN

No. 04-1268

United States of America, *
*
Appellee, *
* Appeal from the United States
v. * District Court for the District of
* Minnesota.
Carlos Rivera, * CR 02-298(3) RHK/AJB
*
Appellant. *

Submitted: November 16, 2004
Filed: June 6, 2005

Before MURPHY, HANSEN, and MELLOY Circuit Judges.

MELLOY, Circuit Judge.

Appellant Carlos Rivera ("Rivera") appeals the decision of the district court[1] denying his motion to suppress evidence following a post-trial Franks hearing.

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.



SCANNED
JUL 18 2005
U.S. DISTRICT COURT ST. PAUL

Further, Rivera argues that his motion for a new trial should have been granted. We affirm.

I.

During August of 2002, Deputy Daniel Lackner worked with a confidential informant to set up controlled buys of heroin from an individual known as "Carlos." During each of the four controlled drug purchases, Lackner observed the confidential informant purchasing drugs from a distance. The buys were set up by the confidential informant calling a pager number and meeting for the drug deal at a location determined by Deputy Lackner.

Based upon information from the confidential informant and his own observations, Lackner started drafting a search warrant application. The application sought authority to the search 528 Rice Street, Apartment 2 ("Rice Street apartment"), including all rented or leased space associated with that address, a vehicle described as a 1991 tan Nissan Sentra two-door sedan with Minnesota license number BBZ-480, and the person of Carlos Rivera, date of birth April 17, 1979, a Hispanic male.

On September 18, 2002, before Deputy Lackner had finished drafting the search warrant, Edgar Villanueva ("Villanueva"), also known as Carlos Rivera, and Leonardo Chavez-Gonzalez ("Chavez-Gonzalez"), also known as Carlos Barragan, were indicted for conspiracy to distribute heroin and aiding and abetting possession with intent to distribute heroin. At that time, Deputy Lackner mistakenly believed Villanueva was Rivera. Because Deputy Lackner was not party to the drug deals and only observed them from afar, he was not able to positively identify the parties involved. In his conversations with the confidential informant, he never clearly established who actually was "Carlos Rivera."

Subsequent to Villanueva's indictment, the search warrant was issued. Police executed the warrant and seized evidence from the Rice Street apartment. After realizing that Villanueva was not Rivera, Deputy Lachner obtained an arrest warrant for Rivera. On November 6, 2002, a superseding indictment was returned adding a third defendant, Rivera, the appellant in this case.

Rivera filed a series of pre-trial motions, including a motion to suppress evidence found at his residence, the Rice Street apartment. The motion to suppress argued that there was not sufficient probable cause to issue the warrant. The magistrate judge recommended that the district court deny the motion to suppress and the district court subsequently adopted the magistrate's recommendation.

Before Rivera's trial, his co-defendants, Villanueva and Chavez-Gonzalez, pleaded guilty to conspiracy to distribute heroin and were sentenced. At trial, evidence seized from the Rice Street apartment was offered and admitted without objection by the defense. On July 10, 2003, the jury returned a verdict of guilty.

On July 21, 2003, Rivera moved for a new trial pursuant to Federal Rules of Criminal Procedure 33(a) and (b)(2), arguing that evidence seized from his residence that was admitted at trial was seized illegally because the warrant was based upon false information. As a result, the district court ordered a post-trial Franks v. Delaware, 438 U.S. 154 (1978), hearing.

The Franks hearing was held before a magistrate judge. The only witness was the affiant, Deputy Lackner. The confidential informant had testified at the trial that Rivera was the seller of the drugs purchased during each of the controlled buys. However, the confidential informant did not testify at the Franks hearing.

The magistrate judge recommended that Rivera's motion be denied because the search warrant affiant "did not make an intentional or reckless misrepresentation of

material fact." Further, if there were any inaccuracies, the magistrate judge found that they were not material to probable cause. The district court adopted the recommendation of the magistrate judge and denied Rivera's motion for a new trial.

Rivera was sentenced to seventy-eight months of imprisonment. He appeals the decision of the district court.

II.

On appeal, Rivera argues that the district court erred by failing to grant his motion to suppress evidence pursuant to the Franks hearing and for denying a motion for a new trial following the Franks hearing. We review the denial of a motion to suppress evidence de novo and the underlying factual determinations for clear error. United States v. Reinholz, 245 F.3d 765, 773 (8th Cir. 2001). The denial of a motion for a new trial is reviewed for abuse of discretion. United States v. Lee, 274 F.3d 485, 493 (8th Cir. 2001). Franks requires a defendant to prove that: (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and (2) "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." United States v. Searcy, 181 F.3d 975, 980 (8th Cir. 1999) (quoting Franks, 438 U.S. at 155-56).

Rivera alleges that the affidavit upon which the search warrant was based contained several false statements. Specifically, he argues that: (1) Deputy Lackner's description of the controlled buys was inaccurate, (2) Deputy Lackner's identification of an individual as Carlos Rivera was inaccurate, and (3) Deputy Lackner omitted a series of material facts.

Rivera argues that the description of the controlled buy was misleading because it implied that Deputy Lackner was actually present at the controlled buys and was

listening to phone calls to set up the buys. In fact, a confidential informant made the purchases and Deputy Lackner was only able to survey the buys from a distance. Deputy Lackner also failed to get contemporaneous information from the confidential informant about the controlled buys. Instead, he waited until time had passed before fully debriefing the confidential informant.

However, Rivera's argument relies on an inference from the affidavit as there is no explicit reference to Deputy Lackner being present at the controlled buys. Rivera relies on a reading of the affidavit that suggests the sequence of the sentences and the lack of a clear subject creates the impression that Deputy Lackner was actually present at the controlled buys. The district court found that Deputy Lackner "did not make an intentional misrepresentation of a material fact to the issuing judge with respect to the sequence in which he described the procedures." Rivera asks that we accept one particular reading of the search warrant text even if it is not common sense to do so. Given the "hyper technical" reading upon which Rivera relies, we cannot find that the district court was in clear error in denying Rivera's motion. United States v. Goodson, 165 F.3d 610, 613 (8th Cir. 1999) (quoting Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998)).

Rivera further argues that the affidavit was false because Deputy Lackner did not personally know the pager number that the confidential informant used to set up the buys. The district court agreed with Rivera since Deputy Lackner did not have actual knowledge of the number and implied that he did so in the warrant, but found that the false statements were not material to probable cause. Primarily because the subsequent controlled buys demonstrated the reliability of the pager number, actual knowledge of the specific pager number was not necessary for probable cause. As a result, we do not find error with the district court's finding concerning Deputy Lackner's knowledge of the pager number.

Concerning the second set of allegedly false statements, Rivera argues that Deputy Lackner incorrectly stated that "Carlos" was the confirmed source of drugs purchased on August 5, 2002 and August 8, 2002. Rivera also argues that Deputy Lackner misidentified the same individual leaving a hotel room on August 29, 2002. This confusion led to the arrest of Villanueva, who the police believed was Rivera. While that mix-up made Lackner's identification incorrect, it does not affect probable cause for the locations searched. Because the target was the Rice Street apartment that was listed as the location where Rivera received mail, it did not matter that the police were confused as to which person actually was Rivera at a previous time. Further, there is no suggestion that Deputy Lackner knew that he was mistaken, or held a reckless disregard to the truth, about which man was actually Rivera.

The district court found that Deputy Lackner had incorrectly stated that the confidential informant had identified "Carlos" as the source of drugs. However, the district court found ample probable cause even after the misleading statements were removed from the affidavit. Significant other evidence included that gained through surveillance, other statements made by the confidential informant about "Carlos's" involvement in drug sales, and heroin received by Deputy Lackner from the confidential informant at the conclusion of the controlled buys.

There is no evidence to suggest that Deputy Lackner's misstatement was intentional or reckless. Even if such evidence existed, it would require us to question the district court's credibility determination of the affiant which is "virtually unreviewable on appeal." United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992); see also United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994). While Deputy Lackner may have been negligent in his description of these buys, that is not a sufficient basis for us to overturn the finding of the district court. See United States v. Gibson, 123 F.3d 1121, 1124 (8th Cir. 1997) (citing Franks, 438 U.S. at 170).

Rivera also alleges several material omissions in the affidavit. Specifically, the issuing judge was not informed that the confidential informant was a long-term heroin addict who received cash payments for information, that the vehicles of the alleged drug dealers were followed to motels (and not the Rice Street apartment), and that the "other" Carlos Rivera, also known as Villanueva, was already in custody. The district court found that such omissions were not material to probable cause. The statements of the confidential informant were corroborated by surveillance and the drugs obtained after the controlled buys and so his general credibility is not a basis for finding error. See United States v. Humphreys, 982 F.2d 254, 258-259 (8th Cir. 1992) (noting that a confidential informant's credibility is not crucial for probable cause if partial corroboration exists). That the vehicles were not observed traveling to the Rice Street apartment is not significant because the affiant had observed the vehicles at the buy sites and at the apartment building. Concerning the problem of the mistaken identity, there is no evidence to suggest Deputy Lackner had any intent to deceive the issuing judge. As a result, we can find neither clear error in the factual analysis of the district court nor any legal error concerning the alleged material omissions.

III.

Accordingly, the judgment of the district court is affirmed.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans